**FISHER v. EXICO CO., Limited.**

Civ. 11554.

United States District Court,
E. D. New York.

Jan. 16, 1952.

Herman Scheckner, New York City, for plaintiff.

Wolf, Popper, Ross & Wolf, New York City, for defendant (Martin Popper, New York City, of counsel).

KENNEDY, District Judge.

In this action the plaintiff sues to recover for work, labor and services. The motion is to strike proposed interrogatories 1 through 11 and 13 through 16. In general it may be said that these interrogatories are calculated to disclose the relationship between the defendant and a concern called Barum Co., Inc. Among other things plaintiff asks the defendant to disclose the names of directors and stockholders of Barum Co., Inc., and also any correspondence between the defendant and Barum. The main attack on the interrogatories was originally based on the theory that they called for privileged information, which of course is not the fact. I explained to counsel supporting the motion, at the time of argument, that it would be incumbent upon him to show that the material sought was irrelevant.

Plaintiff's claim, as set forth in the answering affidavit, is substantially as follows: that plaintiff had procured a buyer who bought goods from the defendant, which is a Czecho-Slovakian concern; that defendant told plaintiff to get in touch with Barum & Co., Inc., characterizing that firm as its agent or representative; that plaintiff did communicate with Barum and eventually disclosed the name of the proposed purchaser; that thereafter a direct sale was made, eliminating plaintiff, by Barum to the purchaser whom plaintiff produced. It may not be true that on a motion of this kind the court is required to accept everything plaintiff says in affidavits about his claim. On the other hand it is certainly true that discovery in a case of this nature ought not

be defeated by defendant's assertion that Barum is merely one of its wholesalers. It is clear to me that the relationship between Barum and the defendant is strictly relevant.

In one of the interrogatories (No. 3) plaintiff asks that correspondence be furnished. I know that the practice of using interrogatories to inspect documents has been condemned on the ground that a person seeking documents must show good cause, and under ordinary circumstances I would agree with his position. But the papers in the motion at bar show a possibility that the Barum Co. was used to circumvent plaintiff's attempt to earn the money which he claims. The correspondence between Barum and defendant is obviously not available to the plaintiff, and therefore if the application were directly under rule 34, Fed. Rules Civ.Proc., 28 U.S.C.A., and the same papers were submitted a discovery of the documents would be required. Since one object of the rules is elimination of delay, I see no reason why I should not, in this particular case, treat the interrogatory attacked as if it were an application under rule 34. In fact, the Supreme Court, in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, overlooked a procedural irregularity very like the one upon which defendant relies here.

I would not want to be understood as setting a pattern for myself in the future, because there will be many cases, no doubt, where rule 34 and rule 34 alone should be used for the securing of documents. Nor do I wish to be taken as expressing any view at all about the merits of this case.

The motion to strike the interrogatories is denied.